# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Spencer Kerry Curtiss, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Colby Braun, Warden, N.D.S.P., | ) | Case No. 1:16-cv-049 |
| | ) | |
| Respondent. | ) | |

The petitioner, Spencer Kerry Curtis, filed a "Petition Under 28 U.S.C. 2254 for a Writ of Habeas by a Person in State Custody" with the court on March 11, 2016.

On March 24, 2016, the undersigned issued an order instructing the clerk's office to serve respondent with the petition and respondent to file an answer within thirty days of service. Additionally, in the event that defendant intended to assert the untimeliness of the petition as a defense, the undersigned directed that respondent file an expedited motion for dismissal on such grounds.[1]

On April 28, 2016, Curtiss filed a "Request for Stay Pending the Deposition of a Motion." Although not entirely clear, it appears that Curtiss is seeking a stay of this case pending the final disposition of Rule 60(b) motion that he is intending to file in state court. His request reads as follows:

> The petitioner, Spencer Kerry Curtiss, does hereby submit this Request for a stay pending the deposition of a motion in order for district court to rule on issues

---

[1] The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides in relevant part that state prisoners have one year from the date on which a conviction becomes final to file a petition for writ of habeas corpus. See 28 U.S. C. § 2244(d)(1)(A). The timeliness of a petition is a threshold issue that a respondent may raise as a defense. As it could arguably obviate a need to delve into the merits, court deemed it the best use of everyone's resources resolve any issues regarding the timeliness of the instant petition at the outset of this litigation.

1

of verified verbatim transcripts supplied in court filings. It would be premature and unfair for court to determine whether or not the record would support an affirmation or a reversal of a case without district court's determination based upon a valid decisional process.

Petition requests this stay in order to file a motion for relief Rule 60(b) to correct a mistake inadvertence, or excusable neglect and any other reason justifying relief to properly correct the record of appeal.

(Docket No. 8)

On May 31, 2016, respondent filed a motion to dismiss Curtiss' petition on the grounds that it is time-barred, that Curtiss failed to properly exhaust all of his remedies in state court prior to petitioning this court for habeas relief, and that his petition is otherwise without merit.

Curtiss filed a response in opposition to respondent's motion to dismiss on June 15, 2016, contesting respondent's assertions and further averring that the state court record has been altered. That same day he filed a "Request for Leave of Court and Order to Amend Section 2254 Petition."

The court is not inclined to grant Curtiss a stay or leave to amend his petition. Curtiss has had ample to time address whatever issues he has with the state court record. A stay will unnecessarily protract matter and unduly delay final disposition of this matter. As for Curtiss' latter request, Curtiss does not specify how he intends to amend his petition.

Accordingly, Curtiss' "Request for Stay Pending the Deposition of a Motion" (Docket No. 8) and "Request for Leave of Court and Order to Amend Section 2254 Petition" (Docket No. 18 ) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 29th day of August, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court